NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
JULIA S. CHOE (Cal. Bar No. 287038)
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6530
    Facsimile: (213) 894-0141
    E-mail:    julia.choe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-71-ODW-1 |
|---|---|
|     Plaintiff, | PLEA AGREEMENT FOR DEFENDANT TIMOTHY DALTON VAUGHN |
|       v. | |
| TIMOTHY DALTON VAUGHN, *et al.*, | |
|     Defendants. | |

    1.    This constitutes the plea agreement between TIMOTHY DALTON VAUGHN ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.    Defendant agrees to:

        a.    Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a one-count information in the form

attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with Possession of Child Pornography, in violation 18 U.S.C. § 2252A(a)(5)(B) (the "Information"); and appear and plead guilty to counts one and ten of the indictment in *United States v. Timothy Dalton Vaughn, et al.*, CR No. 19-71-ODW (the "Indictment"), which charge defendant with Conspiracy to Convey Threats to Injure in Interstate Commerce, Convey False Information Concerning Use of an Explosive Device, and Intentionally Damage a Computer by Knowing Transmission, in violation of 18 U.S.C. § 371; and Intentionally Damaging a Computer by Knowing Transmission, in violation of 18 U.S.C. § 1030(a)(5)(A).

   b.   Not contest facts agreed to in this agreement.

   c.   Abide by all agreements regarding sentencing contained in this agreement.

   d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

   e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

   f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

   g.   Pay the applicable special assessments at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

h.   Agree to and not oppose the imposition of the following conditions of probation or supervised release:

i.   Defendant shall possess and use only those Digital Devices and Internet Accounts that have been disclosed to, and approved by, the United States Probation and Pretrial Services Offices upon commencement of supervision.  Any changes or additions to Digital Devices or Internet Accounts are to be disclosed to, and approved by, the Probation Officer prior to the first use of same. Disclosure shall include both user names and passwords for all Digital Devices and Internet Accounts.  Digital Devices include, but are not limited to, personal computers, tablet computers such as iPads, mobile/cellular telephones, personal data assistants, digital storage media, devices or media which provide access to electronic games, devices that can access or can be modified to access the Internet, as well as any of their peripheral equipment.  Internet Accounts include, but are not limited to, email accounts, social media accounts, electronic bulletin boards, or other account on the Internet.

ii.   After the Probation Officer has given defendant approval to use a particular Digital Device or Internet Account, defendant need not notify the Probation Officer about subsequent use of that particular Digital Device or Internet Account.  Defendant shall, however, notify his Probation Officer of any additions to, removals from, or other modifications of the hardware or software on any Digital Device or Internet Account that defendant causes to occur, within one week of that addition, removal or modification. The defendant shall not hide or encrypt files or data without specific prior approval from the Probation Officer.

3

iii. Defendant shall provide the Probation Officer with all billing records for any service or good relating to any Digital Device or Internet Account, including those for cellular telephone, cable, Internet and satellite services, as requested by the Probation Officer, so that the Probation Officer can verify compliance with these requirements.

iv. Defendant consents to search at any time of the day or night, with or without a search warrant, warrant of arrest, probable cause, or reasonable suspicion by any probation officer or law enforcement officer -- and waives any right to object to any search and seizure -- of any Digital Device or Internet Account used by defendant.

v. Defendant shall comply with the rules and regulations of the Computer Monitoring Program. Defendant shall pay the cost of the Computer Monitoring Program, in an amount not exceed $32 per month per device connected to the internet.

vi. Defendant shall not possess, or attempt to possess, any materials, whether in hard copy, digital, electronic, or any other form, that depict sexually explicit and/or nude images of victims Au.So., Al.Sa., L.P., and C.M. (the "Victims") and/or that contain personal identifying information, including any access devices and bank/credit card account numbers, of the Victims.

vii. Defendant shall not knowingly contact, or attempt to contact, the Victims, or their families, including but not limited to their parents, siblings, other relatives, any spouse or significant other with whom victims may share an intimate relationship, and any children of the Victims (all whether existing now or during the pendency of any term of supervised release, and

collectively the "Victims' Families"), directly or indirectly by any means, including but not limited to in person, by mail, telephone, email, text message, or other electronic means, or through a third party;

viii.    Defendant shall not attempt to locate the Victims or the Victims' Families, or attempt to obtain information concerning the whereabouts, phone numbers, email addresses, or other personal identifiers of the Victims or the Victims' Families;

ix.    Sex Offender Registration.  Defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where defendant resides, where defendant is an employee, and where defendant is a student, to the extent the registration procedures have been established in each jurisdiction. When registering for the first time, defendant shall also register in the jurisdiction in which the conviction occurred if different from defendant's jurisdiction of residence.  Defendant shall provide proof of registration to the Probation Officer within three days of defendant's placement on probation/release from imprisonment.

x.    Counseling.  Defendant shall participate in a psychological counseling and/or psychiatric treatment and/or a sex offender treatment program, which may include inpatient treatment upon order of the Court, as approved and directed by the Probation Officer.  Defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing, but the defendant retains the right to invoke the Fifth Amendment.  The Probation Officer shall disclose the presentence

report and/or any previous mental health evaluations or reports to the treatment provider.

        xi.  As directed by the Probation Officer, defendant shall pay all or part of the costs of treating defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672.  Defendant shall provide payment and proof of payment as directed by the Probation Officer.

        xii. <u>Access to Materials</u>.  Defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography, as defined in 18 U.S.C. § 2256(8), or sexually explicit conduct depicting minors, as defined at 18 U.S.C. § 2256(2).  The defendant shall not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depicts "actual sexually explicit conduct" involving adults as defined by 18 U.S.C. § 2257(h)(1).  This condition does not prohibit defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit defendant from possessing materials prepared and used for the purposes of defendant's Court-mandated sex offender treatment, when defendant's treatment provider or the probation officer has approved of defendant's possession of the materials in advance.

        xiii.   <u>Contact with Others</u>.  Defendant shall not contact the Victims by any means, including in person, by mail or electronic means, or via third parties.  Further, defendant shall remain at least 100 yards from the Victims at all times.  If any

6

contact occurs, defendant shall immediately leave the area of contact and report the contact to the Probation Officer.

xiv. Defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that defendant notifies said parent or legal guardian of defendant's conviction in the instant offense/prior offense.  This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must interact in order to obtain ordinary and usual commercial services.

xv.  Defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.

xvi. Defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or organization that causes defendant to regularly contact persons under the age of 18.

xvii.   Defendant shall not affiliate with, own, control, or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

xviii.   Defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall defendant open or maintain a post office box, without the prior written approval of the Probation Officer.

xix. <u>Employment</u>.  Defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer.  Defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten days prior to any scheduled change.

xx.  <u>Residence</u>.  Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.  Defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer.  Defendant shall submit the address of the proposed residence to the Probation Officer at least ten days prior to any scheduled move.

xxi. <u>Search</u>.  Defendant shall submit defendant's person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without warrant, by any law enforcement or Probation Officer with reasonable suspicion concerning a violation of a condition of probation/supervised release or unlawful conduct by defendant, and by any Probation Officer in the lawful discharge of the officer's supervision function.

i.  Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

<u>THE USAO'S OBLIGATIONS</u>

3.  The USAO agrees to:

a.  Not contest facts agreed to in this agreement.

b.  Abide by all agreements regarding sentencing contained in this agreement.

8

c.   At the time of sentencing, move to dismiss the remaining counts of the Indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.   Not seek a sentence of imprisonment above the mid-point of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 28 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the mid-point of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

## NATURE OF THE OFFENSES

4.   Defendant understands that for defendant to be guilty of the crime charged in count one of the Indictment, that is, Conspiracy to Convey Threats to Injure in Interstate Commerce, Convey False Information Concerning Use of an Explosive Device, and Intentionally Damage a Computer by Knowing Transmission, in violation of Title 18, United States Code, Section 371, the following must be true: (a) beginning on or about and ending on or about the dates charged in the Indictment, there was an agreement between two or more persons to

commit at least one crime as charged in the Indictment; (b) defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and (c) one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

5.    Defendant understands that for defendant to be guilty of the crime charged in count ten of the Indictment, that is, Intentionally Damaging a Protected Computer by Knowing Transmission, in violation of Title 18, United States Code, Sections 1030(a)(5)(A) and (c)(4)(A)(i)(I), the following must be true: (a) defendant knowingly caused the transmission of a program/code/command/ information to a computer; (b) as a result of the transmission, the defendant intentionally impaired without authorization the integrity/availability of data/a program/a system/information; and (c) the computer was used in or affected interstate or foreign commerce or communication.  In doing so, defendant caused loss to one or more persons during any one-year period of at least $5,000 in value.

6.    Defendant understands that for defendant to be guilty of the crime charged in the sole count of the Information, that is, Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B), the following must be true: (a) defendant knowingly possessed matters which defendant knew contained a visual depiction of a minor engaged in sexually explicit conduct; (b) defendant knew the visual depiction contained in the matters showed a minor engaged in sexually explicit conduct; (c) defendant knew that production of such a visual depiction involved use of a minor in sexually explicit conduct; and (d) the

10

visual depiction had been either: (a) mailed/shipped/transported in or affecting interstate or foreign commerce, or (b) produced using material that had been mailed/shipped/transported in or affecting interstate or foreign commerce by any means including by computer.

7.   Defendant understands that for defendant to be subject to the statutory maximum sentence set forth in paragraph 10 below, the government must prove beyond a reasonable doubt that defendant possessed an image of child pornography that involved a prepubescent minor or a minor who had not attained 12 years of age, as alleged in the sole count of the Information, pursuant to Title 18, United States Code, Sections 2252A(a)(5)(A) and (b)(2).  Defendant admits that defendant, in fact, possessed an image of child pornography that involved a prepubescent minor or a minor who had not attained 12 years of age, as described in the sole count of the Information.

<u>PENALTIES</u>

8.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 371, is: five years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 1030(a)(5)(A) and (c)(4)(B)(i), is: ten years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

10.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 2252A(a)(5)(A) and (b)(2), is: 20 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

11.  Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 35 years' imprisonment; a lifetime period of supervised release; a fine of $750,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $300.

12.  Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offenses to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.  The parties currently believe that the applicable amount of restitution is approximately $6,463, but recognize and agree that this amount

12

does not include the losses suffered by the recipients of the threat and hoax emails described in paragraph 18 below and could change based on facts that come to the attention of the parties prior to sentencing.

13.   Defendant understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

14.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

15.   Defendant understands that as a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender.  Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

16.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.   Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.   Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

17.   Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.   The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.   Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

<u>FACTUAL BASIS</u>

18.   Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.   Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty

1   to the charges described in this agreement and to establish the

2   Sentencing Guidelines factors set forth in paragraph 20 below but is

3   not meant to be a complete recitation of all facts relevant to the

4   underlying criminal conduct or all facts known to either party that

5   relate to that conduct.

6       Beginning in January 2018 and continuing through August 31,

7   2018, defendant conspired with co-defendant George Duke-Cohan ("Duke-

8   Cohan") and others to cause substantial disruption of public and

9   business functions and services by sending school shooting and mass

10  violence threats to schools and school districts in the United States

11  ("U.S.") and the United Kingdom ("U.K."), conveying hoax bomb threats

12  to those schools and school districts, falsely reporting the

13  hijacking of an international flight, and intentionally damaging

14  computers of businesses and schools including conducting distributed

15  denial of service ("DDoS") attacks and defacing websites.

16      In furtherance of the conspiracy, and by way of example,

17  defendant obtained the email addresses of superintendents and other

18  personnel of schools in the U.S. and saved them on his computer in

19  text files named, for example, "3.4mill.txt" and "sorted3.4mil.txt."

20  Defendant provided the emails of the superintendents and other

21  personnel of at least 86 schools and school districts in the U.S.

22  that reported receiving threats (the "School Victims") -- including

23  numerous schools and school districts in the Central District of

24  California -- to Duke-Cohan so that victim schools and school

25  districts in the U.S. and U.K. would be included on the recipient

26  list of the following threat emails: (1) the April 8 and 9, 2018

27  series of emails threatening that a bullied student was coming to

28  school with three bombs and a .22-caliber handgun to shoot any staff

or student member; (2) the April 12 and 13, 2018 series of emails threatening that a student with two bombs made of ammonium nitrate/fuel oil ("ANFO") would go to school and set off the bombs; (3) the May 7 and 8, 2018 series of emails threatening that three bombs placed under school transport vehicles and one in the school would explode unless $5,000 was paid; and (4) the June 26, 2018 series of emails threatening that two rocket-propelled grenade ("RPG") heads placed under two school buses and four land mines placed on the sports field and around its entrance would detonate unless school was cancelled.  On April 12, 2018, Duke-Cohan ordered defendant in writing: "[G]o get a fuck ton of US school emails!  ONLY US schools this time.  Nothing else.  UNDERSTAND THAT.  NOTHING ELSE," to which defendant replied, "will do."

Also in furtherance of the conspiracy, on August 9, 2018, defendant assisted Duke-Cohan with falsely reporting the hijacking of United Airlines flight 949 ("UAL 949") to San Francisco International Airport's ("SFO's") Operations and the San Francisco Police Department's Airport Bureau while UAL 949 was mid-flight from London to SFO.  Defendant claimed to have a copy of the flight manifest for UAL 949 and instructed Duke-Cohan to report that he was "Michael Sanchez," the father of "Alexa Sanchez," one of the passengers on UAL 949 who purportedly had called her father to report that four men with weapons and explosives had hijacked the plane and had forced the passengers to the back of the plane.  United Airlines estimates its cost for the false hijacking report to be approximately $6,463, including costs for fuel, crew, station operations, maintenance, and approximately 44 missed baggage connections.

On January 14, 2018, defendant sent an email to Hoonigan, a motor sports racing company located in Long Beach which sells merchandise on its website, hoonigan.com, and demanded 1.5 Bitcoin (then worth approximately $20,000) within 24 hours to stop DDoS attacks on Hoonigan's website.  When Hoonigan did not pay defendant, on January 15, 2018, he caused a DDoS attack on hoonigan.com by knowingly causing the transmission of codes and commands to the server hosting hoonigan.com located in Los Angeles, and intentionally impairing its integrity and availability.

Defendant knowingly possessed a computer which defendant knew contained visual depictions of minors engaged in sexually explicit conduct.  Defendant knew the visual depictions contained on the computer showed minors engaged in sexually explicit conduct. Defendant knew that the production of such visual depictions involved use of minors in sexually explicit conduct.  In addition, each visual depiction had been produced using material that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

Specifically, beginning on an unknown date and continuing through April 17, 2018, defendant possessed in his desktop computer a Seagate hard drive with serial number 9VT0W682 (the "hard drive"), which defendant knew contained approximately 121 child pornography images and 72 child pornography videos, each depicting minors engaged in sexually explicit conduct.  The child pornography on the hard drive included the following: an approximately two-minute-long video named "_Pthc__-_2_yo_stab_anal_vagina.mp4," which depicts a nude toddler lying on her back being digitally penetrated in her anus by an adult male; an approximately three-and-a-half-minute-long video

named "(JM) Updated-2017 Anal 8yo German Girl with daddy (Mix 288p and 1080p + Sub).mp4," which depicts a nude prepubescent girl who appears to be approximately eight years old lying on her back being penetrated in her anus by an adult male penis; and an image named "151317179810.jpg," which depicts a 13-year-old victim with the intials Au.So. using her fingers to spread open her vagina. Defendant received this and other child pornography videos and images over the internet on his computer, a means or facility of interstate and foreign commerce.

SENTENCING FACTORS

19.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

20.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

<u>Conspiracy</u>

Base Offense Level:                    12          [U.S.S.G. § 2A6.1(a)]

| More than Two Threats: | +2 | [U.S.S.G. § 2A6.1(b)(2)(A)] |
|---|---|---|
| Substantial Disruption to Public Services: | +4 | [U.S.S.G. § 2A6.1(b)(4)(A)] |
| Total: | 18 | |

Intentionally Damaging by Knowing Transmission

| Base Offense Level: | 6 | [U.S.S.G. § 2B1.1(a)(2)] |
|---|---|---|
| Sophisticated Means: | +2 | [U.S.S.G. § 2B1.1(b)(10)] |
| 1030(a)(5)(A) Conviction: | +4 | [U.S.S.G. § 2B1.1(b)(19)(A)(ii)] |
| Total: | 12 | |

Possession of Child Pornography

| Base Offense Level: | 18 | [U.S.S.G. § 2G2.2(a)(1)] |
|---|---|---|
| Prepubescent Minor: | +2 | [U.S.S.G. § 2G2.2(b)(2)] |
| Exploitation of Infant/Toddler: | +4 | [U.S.S.G. § 2G2.2(b)(4)] |
| Use of Computer: | +2 | [U.S.S.G. § 2G2.2(b)(6)] |
| 600 or More Images: | +5 | [U.S.S.G. § 2G2.2(b)(7)(D)] |
| Total: | 31 | |

| **Total Offense Level:** | **31** | **[U.S.S.G. § 3D1.4]** |
|---|---|---|

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

21. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

22. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

23.  Defendant understands that by pleading guilty, defendant gives up the following rights:

> a.   The right to persist in a plea of not guilty.

> b.   The right to a speedy and public trial by jury.

> c.   The right to be represented by counsel -- and if necessary have the court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the court appoint counsel -- at every other stage of the proceeding.

> d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

> e.   The right to confront and cross-examine witnesses against defendant.

> f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

> g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

> h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

24.  Having been fully advised by defendant's attorney regarding the requirements of venue with respect to the offenses to which defendant is pleading guilty, to the extent the offenses to which defendant is pleading guilty were committed, begun, or completed

outside the Central District of California, defendant knowingly, voluntarily, and intelligently waives, relinquishes, and gives up: (a) any right that defendant might have to be prosecuted only in the district where the offenses to which defendant is pleading guilty were committed, begun, or completed; and (b) any defense, claim, or argument defendant could raise or assert based upon lack of venue with respect to the offenses to which defendant is pleading guilty.

25.   Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

## WAIVER OF APPEAL OF CONVICTION

26.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

27.   Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 28 and the criminal history category calculated by the

Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $6,463; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Order 18-10 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

28.   The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 28 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $6,463.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

29.   Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a

claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

30.  Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty pleas on any remaining counts of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining convictions, sentence, and plea agreement intact.  Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

<u>EFFECTIVE DATE OF AGREEMENT</u>

31.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

32.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

33.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

34.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

35.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 20 are consistent with the facts of this case.  While this paragraph permits

both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

36.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

37.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//
//
//
//
//

26

1  PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2      38.   The parties agree that this agreement will be considered

3  part of the record of defendant's guilty plea hearing as if the

4  entire agreement had been read into the record of the proceeding.

5  AGREED AND ACCEPTED

6  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
7  CALIFORNIA

8  NICOLA T. HANNA
   United States Attorney

9

10  /s/ Julia S. Choe                          11/12/2019
    _____           _____
11  JULIA S. CHOE                              Date
    Assistant United States Attorney

12

13  _____           11-7-19
    TIMOTHY DALTON VAUGHN                      _____
14  Defendant                                  Date

15

16  _____           11/7/19
    CHRISTY O'CONNOR                           _____
    Attorney for Defendant                     Date
17  TIMOTHY DALTON VAUGHN

18  CERTIFICATION OF DEFENDANT

19      I have read this agreement in its entirety.  I have had enough

20  time to review and consider this agreement, and I have carefully and

21  thoroughly discussed every part of it with my attorney.  I understand

22  the terms of this agreement, and I voluntarily agree to those terms.

23  I have discussed the evidence with my attorney, and my attorney has

24  advised me of my rights, of possible pretrial motions that might be

25  filed, of possible defenses that might be asserted either prior to or

26  at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

27  of relevant Sentencing Guidelines provisions, and of the consequences

28  of entering into this agreement.  No promises, inducements, or

27

representations of any kind have been made to me other than those
contained in this agreement.  No one has threatened or forced me in
any way to enter into this agreement.  I am satisfied with the
representation of my attorney in this matter, and I am pleading
guilty because I am guilty of the charges and wish to take advantage
of the promises set forth in this agreement, and not for any other
reason.

_____     11-7-19
TIMOTHY DALTON VAUGHN                Date
Defendant


### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am TIMOTHY DALTON VAUGHN's attorney.  I have carefully and
thoroughly discussed every part of this agreement with my client.
Further, I have fully advised my client of his rights, of possible
pretrial motions that might be filed, of possible defenses that might
be asserted either prior to or at trial, of the sentencing factors
set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
provisions, and of the consequences of entering into this agreement.
To my knowledge: no promises, inducements, or representations of any
kind have been made to my client other than those contained in this
agreement; no one has threatened or forced my client in any way to
enter into this agreement; my client's decision to enter into this
agreement is an informed and voluntary one; and the factual basis set
forth in this agreement is sufficient to support my client's entry of
guilty pleas pursuant to this agreement.

_____     11/7/19
CHRISTY O'CONNOR                     Date
Attorney for Defendant
TIMOTHY DALTON VAUGHN

28